IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM C. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-21-965-F |
| | ) | |
| SCOTT CROW, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The undersigned has undertaken a review of the sufficiency of the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended the Petition be dismissed.

I. Background

In February 1980, Petitioner was convicted in state court of First Degree Rape

and First Degree Murder. Doc. No. 1 at 1; Oklahoma State Courts Network, *State v. Davis*, Case Nos. CF-1979-261, CF-1979-286, District Court of Garvin County.[1] The state court sentenced Petitioner to life imprisonment, with each sentence to run concurrently. Doc. No. 1 at 1. Petitioner did not file a direct appeal. *See Davis v. Cowley*, No. 95-6187, 1995 WL 511121, at *1 (10th Cir. Aug. 30, 1995) (noting that Petitioner did not file a direct appeal following his convictions for first degree rape and murder).

Petitioner sought habeas relief from this Court in 1992. Petition, *Davis v. Cowley*, No. CIV-92-712-R (W.D. Okla. April 20, 1992), Doc. No. 1. On April 19, 1995, United States District Judge Leonard Russell dismissed Petitioner's action. Order & Judgment, *Davis v. Cowley*, No. CIV-92-712-R (W.D. Okla. April 19, 1995), Doc. No. 40. Petitioner appealed to the Tenth Circuit Court of Appeals, which affirmed this Court's ruling. *Davis*, 1995 WL 511121, at *1-2.

On June 16, 2021, Petitioner filed an application for post-conviction relief in the state district court. Doc. No. 1 at 3; Oklahoma State Courts Network, *State v. Davis*, Case Nos. CF-1979-261, CF-1979-286, District Court of Garvin County.[2]

---

1 https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garvin&number=CRF-1979-00261&cmid=35897

2 https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garvin&number=CRF-1979-00261&cmid=35897

Therein, he argued the State lacked jurisdiction over his criminal proceedings because it occurred on Indian land. *Id.* The state district court presumed Petitioner intended to rely upon *McGirt v. State of Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020). In *McGirt*, the petitioner, an enrolled member of the Seminole Nation, was convicted in Oklahoma state court of three serious sexual offenses which occurred on the Creek Reservation. *McGirt*, 140 S.Ct. at 2459. Relying on the Major Crimes Act ("MCA"), 18 U.S.C. § 1153, the Supreme Court ruled that if a crime involving an Indian, as either perpetrator or victim, occurs on Indian land, the federal government has exclusive jurisdiction over the resulting criminal proceedings. *Id.* at 2460-82.

The state district court denied Petitioner's post-conviction application because he failed to allege that either he or the victim were Indian. Oklahoma State Courts Network, *State v. Davis*, Case Nos. CF-1979-261, CF-1979-286, District Court of Garvin County.[3] On June 29, 2021, Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). Oklahoma State Courts Network, *Davis v. State*, Case No. PC-2021-697, Oklahoma Court of Criminal Appeals. The OCCA, also presuming Petitioner intended to rely on *McGirt*, denied Petitioner's appeal citing

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garvin&number=CRF-1979-00261&cmid=35897

its decision in *State ex. rel. Matloff v. Wallace*, __ P.3d __, 2021 WL 3578089 (Okla. Crim. App. Aug. 12, 2021), in which the OCCA ruled *McGirt* was not retroactive and therefore, did not apply to state court convictions entered prior to July 9, 2020. *Id.*

Petitioner filed the instant action on September 29, 2021. Doc. Nos. 1, 2. Petitioner adamantly contends that he never intended to rely on *McGirt* in either his post-conviction application or his subsequent appeal and that it was "ridiculous" for the state courts to presume otherwise. Doc. No. 2 at 4. Petitioner argues that instead he is relying solely on the 1830 Treaty of Dancing Rabbit Creek (the "Treaty"). *Id.* at 1-5.

> The Treaty of Dancing Rabbit Creek secured a tract of country West of the Mississippi River to the Choctaw Reservation to exist as a nation and live on it, and the "jurisdiction and government" over "all the persons and property within that Reservation". Id. at art. 4. The Chickisaw [sic] Nation secured rights to a portion of the Reservation on the same terms that the Choctaws now hold it, except the right of disposing of it (which is held in common with the Choctaws and Chickisaws [sic]) under the Treaty of Doaksville, art. 7 on Jan. 17, 1837, 11 stat. 522. See Oklahoma Tax Comm. v. Chickisaw [sic] Nation, 515 U.S. 450, 465 n. 15 (1975). The 1830 Treaty "provides for the Nations sovereignty within Indian country". Id. at 466.

Doc. No. 2 at 3. Petitioner asserts that the Treaty provides "the tribe has jurisdiction over 'all the persons' within their reservation, and that all of Garvin County is on the Chickisaw [sic] Reservation." *Id.*

II. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising a dispositive issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits . . . ." *Id.* (quotations omitted); *Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

III. Analysis

As previously explained, Petitioner has already sought habeas relief regarding the convictions at issue herein. *See supra*. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of [the Antiterrorism and

Effective Death Penalty Act].” *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was “second or successive” under 28 U.S.C. § 2244(b) because state prisoner “twice brought claims contesting the same custody imposed by the same judgment of a state court”). Notably, “[b]efore a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.” 28 U.S.C. § 2244(b)(3)(A); *accord Case*, 731 F.3d at 1026. If the petitioner does not heed this statutory directive, the district court has no jurisdiction to consider his second or successive filing. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that “[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.” 28 U.S.C. § 2244(b)(3)(A). This statutory requirement for prior authorization is jurisdictional. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (“The district court had no jurisdiction to decide [the petitioner’s] successive § 2254 petition without authority from the court of appeals.”).

Petitioner has not requested authorization from the Tenth Circuit to file a second or successive petition with regard to his convictions. Without such authorization, this Court lacks jurisdiction over the Petition. Because Petitioner did not obtain the requisite authorization, the Court should dismiss his unauthorized successive petition for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the appropriate court of appeals] has granted the required authorization.").

RECOMMENDATION

Based on the foregoing findings, it is recommended this action be dismissed based on a lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 25th, 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, cf. Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this 5th day of October, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE