**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

WILLIAM C. DAVIS,                                    )
                                                                    )
        Petitioner,                              )
                                                                    )
-vs-                                                            )          Case No. CIV-21-965-F
                                                                    )
SCOTT CROW,                                          )
                                                                    )
        Respondent.                            )

## ORDER

      Petitioner, William C. Davis, a state prisoner appearing *pro se*, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court referred the matter to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. §§ 636(b)(1)(B) and (C).  After examining the § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Magistrate Judge Purcell issued a Report and Recommendation, recommending the petition be dismissed for lack of jurisdiction.  Magistrate Judge Purcell specifically concluded petitioner's petition is an unauthorized second or successive § 2254 petition which the court lacks jurisdiction to address.

      Presently before the court is petitioner's timely objection to the Report and Recommendation.  Upon de novo review pursuant to 28 U.S.C. § 636 (b)(1), the court concurs with the recommendation of Magistrate Judge Purcell.

      Petitioner does not dispute that he previously filed a § 2254 petition challenging the same state-court convictions he is challenging in the instant § 2254 petition or that he did not seek authorization from the Tenth Circuit as required by

28 U.S.C. § 2244(b)(3)(A) prior to filing the instant § 2254 petition.  Instead, he argues that his petition challenging the state trial court's jurisdiction is not second or successive because (1) his jurisdictional claim was not ripe until the Oklahoma Court of Criminal Appeals issued its decision in <u>Bosse v. State</u>, 484 P.3d 286 (Okla. Crim. App. 2021),[1] recognizing that the Chickasaw Reservation still exists; and (2) a jurisdictional claim can be raised at any time and cannot be waived, barred, or forfeited.

Petitioner is correct that a second or successive petition does not require the Tenth Circuit's authorization if the claim asserted was not ripe at the time petitioner filed his first petition.  *See*, *e.g.*, <u>In re Weathersby</u>, 717 F.3d 1108, 1111 (10th Cir. 2013) (holding that a claim is not second or successive if the basis for the claim did not exist when prior proceedings under 28 U.S.C. § 2255 were ongoing).  However, the narrow exception to the bar on unauthorized second or successive petitions applies "'where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion.'"  <u>Dopp v. Martin</u>, 750 Fed. Appx. 754, 757 (10th Cir. 2018)[2] (quoting <u>United States v. Williams</u>, 790 F.3d 1059, 1068 (10th Cir. 2015)).  Petitioner does not present any factual basis underlying his jurisdictional claim that did not exist at the time of his first § 2254 petition.  His recent discovery of the factual basis of his claim due to the <u>Bosse</u> decision is not sufficient to establish that his claim was previously unripe.  <u>Dopp</u>, 750 Fed. Appx. at 757.  The fact that petitioner did not identify his jurisdictional claim when he filed his first § 2254 petition does not mean that he could not have done so.  *Id.*  The court therefore rejects petitioner's argument that

---

[1] The court notes the opinion of the Oklahoma Court of Criminal Appeals in <u>Bosse v. State</u> was withdrawn and superseded by <u>Bosse v. State</u>, Case No. PCD-2019-124, 2021 WL 4704316 (Okla. Crim. App. Oct. 7, 2021).

[2] Unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A).

his jurisdictional claim was not ripe at the time of his initial § 2254 petition and falls within the narrow exception to the bar on unauthorized second or successive petitions.

In addition, the court rejects petitioner's argument that his petition is not second or successive on the ground that a jurisdictional claim can be raised at any time and cannot be waived, barred, or forfeited.  The Tenth Circuit has previously determined that a "jurisdictional challenge is not exempt from authorization under [28 U.S.C.] § 2244(b)."  Dopp, 750 Fed. Appx. at 756.  "Thus, the jurisdictional nature of [petitioner's] claim does not exempt his § 2254 [petition] from dismissal for lack of jurisdiction" as an unauthorized second or successive petition. *Id*. at 757.

In his objection, petitioner also argues that his petition should be transferred to the Tenth Circuit for authorization, rather than dismissed for lack of jurisdiction. The court disagrees.  When faced with an unauthorized second or successive § 2254 petition, the court has two choices.  It may dismiss the petition for lack of jurisdiction, or if it is in the interest of justice, it may transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See*, In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2244(b)(2)."  Crawford v. Milyard, 350 Fed. Appx. 240, 242 (10th Cir. 2009) (citing In re Cline, 531 F.3d at 1252) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

The court finds that petitioner's jurisdictional claim clearly does not meet the requirements of 28 U.S.C. § 2244(b)(2).  First, the claim does not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2)(A). Further, petitioner's claim is not based upon a "factual predicate" that "could not

have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i).

Because petitioner's claim clearly does not meet the requirements of § 2244(b)(2), the court concludes that it is not in the interest of justice to transfer this matter to the Tenth Circuit to obtain the necessary authorization. The court thus accepts, adopts, and affirms Magistrate Judge Purcell's Report and Recommendation in its entirety.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. When, as here, the court's adverse decision rests on procedural grounds, the court will not issue a certificate of appealability unless the petitioner shows: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court, upon review, finds that petitioner cannot make the required showing. Therefore, the court denies a certificate of appealability.

Accordingly, the Report and Recommendation (doc. no. 6) issued by United States Magistrate Judge Gary M. Purcell is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. no. 1) filed by petitioner, William C. Davis, is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 26th day of October, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0965p001.docx

4